The STATE of Ohio, Appellee,

v.

MARION, Appellant.

The STATE of Ohio, Appellee,

v.

DAVIS, Appellant.

[Cite as *State v. Marion* (1992), 73 Ohio App.3d 752.]

Court of Appeals of Ohio,
Stark County.

Nos. CA–8703 and CA–8732.

Decided April 27, 1992.

*Thomas M. Bernabei,* Law Director, and *Tyrone D. Hauritz,* Assistant City Prosecutor, for appellee.

*Gutierrez & Mackey Co., L.P.A.,* and *John N. Mackey,* for appellants.

---

GWIN, Presiding Judge.

Defendants, Ricky L. Davis and Paul E. Marion, Jr. ("appellants"), appeal from the judgments of conviction and sentence entered upon no contest pleas to operating a motor vehicle while under the influence of alcohol and/or drugs in violation of R.C. 4511.19(A)(1). We hereby *sua sponte* consolidate these appeals for purposes of this opinion pursuant to App.R. 3(B). Appellants assign as error:

"The trial court committed prejudicial error when it overruled appellant's motion to suppress after refusing to grant him an evidentiary hearing on his motion."

I

Both appellants were originally charged with operating a motor vehicle while under the influence of alcohol and operating a motor vehicle with a prohibited blood-alcohol content, in violation of R.C. 4511.19(A)(1) and (3), respectively. Counsel for each appellant filed timely demands for discovery pursuant to Crim.R. 16, and simultaneously filed motions to suppress evidence pursuant to Crim.R. 12.

The trial court found the motions to suppress lacked factual specificity and ordered appellants to amend same to state with particularity the grounds for the motions pursuant to Crim.R. 47. Upon review of those suppression motions, we find the trial court was correct in so ruling. In fact, the motions were word for word duplicates of a motion to suppress previously reviewed by

this court in *State v. Croston* (Feb. 11, 1991), Stark App. No. CA–8208, unreported, 1991 WL 17190, wherein we found:

"The motion made no specific factual assertions, but rather contained a list of eleven possible reasons to suppress, plus two general 'other reasons as may appear from the direct examination of plaintiff's witnesses for which the defendant is unaware but to which he is entitled to cross-examination. * * *"

" * * * *

"We find that a 'shotgun' motion, alleging in effect that something could have gone wrong somewhere in the proceedings, does not suffice under Crim.R. 47, and does not require an evidentiary hearing to establish whether the motion should have been filed in the first place. Obviously a motion to suppress cannot always fully articulate its factual basis, but counsel should make a colorable attempt to demonstrate it insofar as he is able, and/or to put the court on notice as to the reasons why he is unable."

In an attempt to comply with the trial court's order, each appellant filed an amendment to motion to suppress containing the following additional grounds to support their original motions to suppress:

"1. The officer or officers administering the BAC Verifier were not qualified to administer tests and the test to this defendant;

"2. BAC Verifier tests given to this defendant and prior calibration tests were erroneously administered in that the calibration solution is inconsistent;

"3. Grounds previously stated in defendant's Motion to Suppress as relates to probable cause."

The trial court found the amendments failed to satisfy the Crim.R. 47 particularity requirements and overruled each appellant's motion to suppress. We find this ruling to be error.

■ The first amendment, in our judgment, provided sufficient, factual specificity to meet the particularity requirements set forth in Crim.R. 47. Accordingly, the trial court should have conducted an evidentiary hearing to determine the merit of the first factually sufficient allegation contained in appellants' amended motion to suppress. The denial of the hearing deprived appellants from challenging the admissibility of the breath test, thereby raising doubts as to the reliability of the within convictions where, as here, evidence of the breath test, which may have proved to be inadmissible, was admitted at the no contest plea to support the R.C. 4511.19(A)(1) charge.

■ We find no error in the trial court's denial of a suppression hearing as to appellants' remaining allegations regarding the "inconsistent solution" and the lack of probable cause to stop appellants. Appellants' allegation that the

"calibration solution is inconsistent" is grammatically incomplete. The allegation fails to claim with what the solution is inconsistent. The amended allegation relating to probable cause relied on the grounds previously stated in their original motions, which we previously determined lacked in factual basis.

These appeals have again presented to us the seemingly unending "cat and mouse chase" regarding criminal discovery and motions to suppress.

■ Motions to suppress pursuant to Crim.R. 12 are not and should not be considered viable alternatives to criminal discovery pursuant to Crim.R. 16. Motions to suppress evidence under the Rules of Criminal Procedure are not to be made until *after* a defendant has discovered state's evidence he considers inadmissible at trial. However, the instant cases illustrate how defendants attempt to use suppression motions as a method of discovery. Here, each defendant simultaneously filed a demand for discovery and a motion to suppress evidence. How a defendant can move to suppress evidence he has yet to discover underscores our concern that suppression motions are being misused and such motions may contain factual inaccuracies in an attempt to comply with the particularity requirements of Crim.R. 47.

Suppression motions filed prior to receiving discovery often result in a "shotgun approach" in attacking the admissibility of breath test results. See *State v. Shiepis* (Dec. 26, 1989), Stark App. No. CA–7895, unreported, 1989 WL 155728. (Where such "shotgun approaches" appear, the trial court has at its disposal Crim.R. 47, which requires all motions to state with particularity the grounds upon which they were made.)

Nevertheless, defendants who are bent on using motions to suppress as a method of discovery may seek to meet the particularized requirements of Crim.R. 47 by making factual allegations they hope will be shown to be true at an evidentiary hearing. In the unlikely event the trial court discovers from the hearing that a defendant's factual allegations in a motion to suppress are not supported by any evidence, the trial court has at its disposal an arsenal of possible sanctions, including, but not limited to, contempt and disciplinary proceedings.

Likewise, prosecutors are under an obligation pursuant to Crim.R. 16 to provide requested discovery in a reasonable time and manner. Failure to so provide can be brought to the trial court's attention by means of a defendant's motion asserting failure to comply pursuant to Crim.R. 16(E)(3). Under that rule, the trial court may compel reasonable discovery, continue the trial, exclude evidence, and in some cases apply the above sanctions to prosecutors.

In other words, criminal proceedings are inappropriate arenas to conduct "cat and mouse games." The fairness and integrity of criminal judicial

proceedings are hindered by such tactics. Defendants who abuse motions to suppress and prosecutors who unreasonably hinder discovery defeat the purpose of the criminal discovery rules. Further abuses must be tempered by the trial court in order to ensure a defendant receives a fair trial.

We sustain appellants' sole assignment of error.

For these reasons, we reverse the judgments of conviction entered against appellants and remand these causes to that court for an evidentiary hearing on whether the officers who administered the breath tests were qualified to perform same.

*Judgments reversed*
*and causes remanded.*

PUTNAM, J., concurs.

MILLIGAN, J., dissents.

MILLIGAN, Judge, dissenting.

I concur in the logic and rationale of the majority, particularly as relates to the "seemingly unending 'cat and mouse chase' regarding criminal discovery and motions to suppress" in DUI cases. As therein noted, "[m]otions to suppress * * * are not and should not be considered viable alternatives to criminal discovery * * *."

Thus, when it is facially apparent that a defendant has not availed himself of out-of-court discovery (with whatever sanctions are available for noncompliance), he has no right to preempt the in-court process with a motion to suppress that is arguably no more than a "fishing expedition."

That is precisely the situation here. Discovery motions were filed in each case on the same day, and the language articulated in the suppression motions is identical. The threshold integrity of these claims should be tested by broad-ranging discovery (outside the courtroom).

We have previously spoken to the sequential process of discovery and *then* suppression:

"The precise function of discovery is to accommodate the reality that the evidence a party needs to challenge a procedure is in the control of the adverse party, and he cannot frame his challenge, with the particularity contemplated by Crim.R. 47, in the absence of full and adequate discovery.

"It thus well serves all of the parties, and the court, to move the exploration for bureaucratic integrity in the first instance from the courtroom to the office of the prosecutor, and the law enforcement agency. Having been granted discovery it is appropriate that the mandatory memorandum accompa-

nying the suppression motion (or an affidavit) recite, as a minimum, an articulated suspicion that the claimed fact is true.  * * . *

" * * * *

"From the standpoint of appellate review it is important that this court be able to determine whether the motion to suppress is motivated by a legitimate concern that the pretrial rights of the defendant have been compromised or the less noble anticipation that the procedures can be frustrated and delayed to the ultimate benefit of the defendant.

"This balance of competing interests would be more easily determined if the process followed the following chronology:

"(1) Discovery sought and received.  Crim.R. 16.

"(2) If discovery denied, judicial oversight, including appropriate orders. Crim.R. 16(E)(1) and (2).

"(3) If discovery still denied, judicial sanctions imposed upon the offending party, including the potential of dismissal of the charges.

"(4) Discovery having been completed the motion to suppress should contain the grounds 'with particularity' and the memorandum (or affidavit) should include a rationale—an articulated suspicion—that supports the claimed fact. Crim.R. 47."  *State v. Forbes* (1991), 61 Ohio App.3d 813, 817–818, 573 N.E.2d 1187, 1189–1190.

I would affirm the judgment of the trial court in the absence of a showing that an articulable suspicion is garnered from either discovery or positively verified affidavits by the movant.