The STATE of Ohio, Appellant,

v.

SPANGLER, Appellee.

[Cite as *State v. Spangler* (1992), 75 Ohio App.3d 530.]

Court of Appeals of Ohio,
Defiance County.

No. 4–91–10.

Decided May 6, 1992.

*John T. Rohrs III*, Law Director, and *David A. Land*, Assistant Law Director, for appellant.

*Eric A. Mertz*, for appellee.

---

THOMAS F. BRYANT, Judge.

This is an appeal by plaintiff-appellant, state of Ohio ("state"), from a judgment of the Defiance Municipal Court, granting defendant-appellee Ernest Spangler's motion to suppress evidence.

On February 25, 1991, at approximately 2:30 a.m., an Ohio State Highway Patrol ("Highway Patrol") officer observed Spangler driving his vehicle in an erratic manner. The officer stopped Spangler and, after questioning him and conducting sobriety field tests, placed Spangler under arrest for driving under the influence of alcohol in violation of R.C. 4511.19(A)(1) and (3). Spangler was also charged with operating a motor vehicle left of center in violation of R.C. 4511.25 and failure to wear a safety belt in violation of R.C. 4513.263.

The officer transported Spangler to the Highway Patrol post to administer a breathalyzer test to ascertain whether Spangler's blood-alcohol content ("BAC") was higher than the legal limit of .10 grams of alcohol per 210 liters of his breath. The test produced a result of .154 grams of alcohol per 210 liters of his breath in violation of state law.

Thereafter, Spangler moved to suppress his statements made in consequence of his arrest, the opinion of the arresting officer, and also the BAC test result because the test instrument "was not in proper working order." At the motion hearing, the parties stipulated that Spangler's arrest was a warrantless arrest and that the state had the burden to prove probable cause to arrest Spangler in order to use the evidence obtained at the time of arrest. After the motion hearing, the trial court granted Spangler's motion to suppress the BAC test results.

It is from this judgment that the state now appeals and assigns a single error.

Appellant's assignment of error is:

"The trial court erred in finding that the appellant's motion to suppress as it relates to the admissability [*sic*] of the chemical test results was well taken, in that the state failed to meet its burden to establish that the BAC verifier instrument was not [*sic*] in proper working order at the time of the test on this appellant, and that there had not [*sic*] been substantial compliance with the Department of Health Regulations regarding the RFI survey."

The state argues that the trial court erred prejudicially in granting Spangler's motion to suppress the BAC test result and finding that the breathalyzer did not substantially comply with the Department of Health's regulations concerning the required radio frequency interference ("RFI") survey.

An RFI survey must, in certain circumstances, be conducted on the breathalyzer instrument to eliminate disruptive radio interference to ensure accurate test results. To achieve accurate results, the Department of Health has prescribed Ohio Adm.Code 3701–53–02(C)(2)(a), effective as amended May 5, 1990, which states:

"(2) A new RFI survey *shall* be conducted when:

"(a) The location of the breath testing instrument, when used for testing, is moved more than one foot in any direction[.]" (Emphasis added.)

The record discloses the following testimony on direct examination of the state's witness-officer who administered the BAC test to Spangler:

"Q. Hand you what has been marked as State's Exhibit Number Ten and ask you to identify that.

"A. Okay, this ah, here is the RFI survey that they do on the BAC Verifier.

" * * *

"Q. And that is kept at the Highway Patrol Post with the BAC Machine?

"A. Right * * *.

"Q. When was that survey performed?

"[Defense counsel]: Objection. Unless he has personal knowledge, otherwise, this document speaks for itself.

"Court: I'll sustain the objection.

" * * *

"Q. * * * [W]as the BAC at that same location as it was since that test was taken? Has it been moved since that test?

"A. Yeah, this—from the time that this RFI was performed, it has been moved, yes.

"Q. Okay, and when was that?

"A. When we moved into the new facility."

The trial court, in its judgment entry granting Spangler's motion to suppress the BAC result, stated the following:

"Based on the testimony and the evidence presented the court makes the following findings of fact, to-wit:

"* * *

"19. That a new R.F.I. survey was not performed on the B.A.C. Verifier after it was moved to the new O.S.P. Post building.

"* * *

"O.A.C. 3701–53–02(C) and Appendix G provides [*sic*] that a new RFI survey [shall be conducted] whenever breath testing instruments are moved. The State has failed to meet its burden to establish that the BAV [*sic*] Verifier instrument was in proper working order at the time the breath test was administered and that there had been substantial compliance with the Dept. of Health regulations regarding the R.F.I. survey."

In *Dorrian v. Scioto Conserv. Dist.* (1971), 27 Ohio St.2d 102, 56 O.O.2d 58, 271 N.E.2d 834, paragraph one of the syllabus, the court stated:

"In statutory construction, the word 'may' shall be construed as permissive and the word 'shall' shall be construed as mandatory unless there appears a clear and unequivocal legislative intent that they receive a construction other than their ordinary usage."

██ Ohio Adm.Code 3701–53–02(C)(2)(a) uses the word "shall" in establishing when an RFI survey must be performed to ensure accurate results. In using the word "shall" and not "may" the administrative intent is clear and, therefore, the proper construction of the regulation mandatorily requires that a new RFI survey be performed on a breathalyzer when its location for testing "is moved more than one foot in any direction." Ohio Adm.Code 3701–52–02(C)(2)(a).

Beyond dispute, the state has the burden to prove the admissibility of the BAC test result by showing that the breathalyzer was in proper working order. *Cincinnati v. Sand* (1975), 43 Ohio St.2d 79, 72 O.O.2d 44, 330 N.E.2d 908.

██ Here, though Spangler's motion was nonspecific, he based his motion to suppress the BAC result on the improper working order of the breathalyzer. The state initially introduced evidence that an RFI survey was conducted in accordance with the Department of Health regulations. However, the state then proceeded to examine concerning a change of the machine's location, thus placing in issue the validity of the RFI survey in evidence as it related to the time the BAC test was administered to Spangler. These questions and the answers given are ambiguous, leaving the ambiguity to be resolved by the trier of fact.

The trial court concluded that the state had failed to meet its burden to establish that the breathalyzer used by the Highway Patrol in testing Spangler's BAC was in conformity with regulation. The record does not show

if the breathalyzer test was administered to Spangler *prior* to or *after* the Highway Patrol's move to the new facility. However, the record does show that the Highway Patrol failed to conduct a new RFI survey upon that relocation.

Therefore, if Spangler's breathalyzer test was administered in the new facility without a new RFI survey being conducted, the BAC result was susceptible, in an unknown degree, to radio frequency interference which necessarily reduces the accuracy of the test result and, thus, its probity as evidence. Here, after hearing the witnesses' testimony, viewing their demeanor, and viewing the evidence adduced at the motion hearing, the trial court concluded that the state did not meet its burden of establishing substantial compliance with the Department of Health regulation which requires a mandatory RFI survey be conducted when the test instrument is moved more than one foot from its testing location. Based on its finding of fact, the trial court granted Spangler's motion to suppress the BAC test result.

This court has previously stated in *In re Cooper* (Sept. 22, 1989), Seneca App. No. 13–88–34, unreported, 1989 WL 108730:

"The exhibits and testimony of the witnesses were presented to the court below who as the trier of fact had the responsibility of determining the credibility of the witnesses in relation to the circumstances of the case. * * * " See, also, *Bitonte v. Tiffin Savings Bank* (1989), 65 Ohio App.3d 734, 585 N.E.2d 460.

Additionally, in *Bowlin v. Black & White Cab Co.* (1966), 7 Ohio App.2d 133, 36 O.O.2d 288, 219 N.E.2d 221, paragraph three of the syllabus, the court stated:

"Findings of fact by the trial court which heard the testimony and the appearance-point-of-view of the witnesses upon the controlling facts in the case will not be set aside where there is nothing in the record to show the court manifestly disregarded the weight of the evidence or violated any principle of law in making its findings or arriving at its conclusions."

In *State v. Apanovitch* (1987), 33 Ohio St.3d 19, 25, 514 N.E.2d 394, 401, the court stated:

"A trial court has broad discretion in the admission and exclusion of evidence. Unless the trial court has clearly abused its discretion, an appellate court should not interfere in its determination."

In *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142, the court said:

"The term 'abuse of discretion' was defined by this court in *State v. Adams* (1980), 62 Ohio St.2d 151, 157 [16 O.O.3d 169, 173, 404 N.E.2d 144, 149]:

" 'The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.  * * * ' "   (Citations omitted.)

■  We hold that the trial court did not abuse its discretion in granting Spangler's motion to suppress the BAC test result upon its finding that the state did not meet its burden to establish that the breathalyzer was in proper working order when the test was administered to Spangler.  We must note that this holding does not encourage, nor do we approve, the filing of motions to suppress evidence on general, nonspecific grounds.  See, *e.g., Defiance v. Stafford* (Feb. 7, 1992), Defiance App. No. 4–88–10, unreported, 1992 WL 24864.  As announced by the Ohio Supreme Court in *Xenia v. Wallace* (1988), 37 Ohio St.3d 216, 218, 524 N.E.2d 889, 892:

" * * * [T]he prosecutor cannot be expected to anticipate the specific legal and factual grounds upon which the defendant challenges the legality of a warrantless search.

"The prosecutor must know the grounds of the challenge in order to prepare his case, and the court must know the grounds of the challenge in order to rule on evidentiary issues at the hearing and properly dispose of the merits.  * * *  Therefore, the defendant must make clear the grounds upon which he challenges the submission of evidence pursuant to a warrantless search or seizure.  * * * Failure on the part of the defendant to adequately raise the basis of his challenge constitutes a waiver of that issue on appeal. * * *" (Citations omitted.)  See, also, Crim.R. 47.

However, in the unique circumstances of the case at bar, the holding we reach is compelled by the controlling authorities cited.

Appellant's single assignment of error is not well taken.  Accordingly, the judgment of the Defiance Municipal Court is affirmed.

*Judgment affirmed.*

HADLEY, P.J., concurs.

EVANS, J., dissents.

EVANS, Judge, dissenting.

I respectfully dissent from the majority opinion because I believe there are procedural problems in this case which must be recognized, and also because I think the trial court committed error prejudicial to the state in sustaining the motion to suppress.

A proper analysis of this case begins with the recognition of the fact that the trial court was dealing with a motion to suppress. Such motions are regulated by Crim.R. 47, which provides in pertinent part:

"An application to the court for an order shall be by motion. A motion, other than one made during trial or hearing, shall be in writing unless the court permits it to be made orally. *It shall state with particularity* the grounds upon which it is made and *shall set forth the relief or order sought.*" (Emphasis added.)

In addition to this criminal rule, motions to suppress are also subject to the case law announced by the Supreme Court in *Xenia v. Wallace* (1988), 37 Ohio St.3d 216, 218, 524 N.E.2d 889, 892:

" * * * [T]he prosecutor cannot be expected to anticipate the specific legal and factual grounds upon which the defendant challenges the legality of a warrantless search.

"The prosecutor must know the grounds of the challenge in order to prepare his case, and the court must know the grounds of the challenge in order to rule on evidentiary issues at the hearing and properly dispose of the merits. * * * Therefore, the *defendant must make clear the grounds* upon which he challenges the submission of evidence pursuant to a warrantless search or seizure. * * * Failure on the part of the defendant to *adequately raise the basis of his challenge constitutes a waiver of the issue on appeal.* * * * *" (Emphasis added; citations omitted.)

The motion to suppress filed by the defendant states in pertinent part as follows:

"Defendant moves the Court to suppress:

" * * * Tests of Defendant's motor coordination and/or sobriety, including but not limited to chemical tests of Defendant's blood alcohol level administered or caused to be administered to Defendant; and for the prosecution to show cause why the above should not be suppressed for the reason that:
" * * *

"2. The tests were taken in violation of Defendant's constitutional rights, in violation of due process of law, and the regulations of the State of Ohio, Department of Health were not followed;
" * * *

"4. The breath machine or instrument analyzing Defendant's blood alcohol level was not in proper working order, or was not sufficiently accurate or free from error or potential error to be used as evidence;

"5. The operator did not have the necessary qualifications to operate the breath machine or instrument analyzing Defendant's blood alcohol level."

It is important to note that nowhere in the suppression motion is a violation of the regulations pertaining to an RFI survey mentioned. If the motion is to conform to the express requirements of Crim.R. 47 as explained in *Xenia, supra,* the court must be requested to suppress the chemical tests of defendant's blood alcohol level because the RFI regulations have been violated. *Then* the motion must also state *with particularity* the grounds for the motion. This enables the prosecutor to come to the hearing with the proper witnesses and documentation to establish that the RFI regulations were in fact followed. In my opinion, the record in this case amply demonstrates that the prosecutor's only witness was not prepared to testify clearly and in detail concerning the sequence of the radio frequency interference ("RFI") survey and the movement of the testing equipment to the new patrol post. However, I attribute the prosecutor's lack of preparation to inadequate notice of the grounds for the motion. As we have previously held, pursuant to Crim.R. 47 the prosecutor must be apprised of the specific factual grounds supporting the motion. *Defiance v. Stafford* (Feb. 7, 1992), Defiance App. No. 4–88–10, unreported, 1992 WL 24864. See, also, *State v. Forbes* (1991), 61 Ohio App.3d 813, 573 N.E.2d 1187 (flaws in testing procedures should be exposed through proper utilization of the discovery rules, rather than "fishing" for possible procedural lapses in the prosecution's case through a nebulous motion to suppress). *Nevertheless, the defendant was able to secure suppression without a violation of his constitutional rights or a violation of the state regulations being demonstrated on the record.* I question whether the administration of justice is fostered or enhanced by such inattention to proper motion practice.

I further conclude that since, under *Xenia v. Wallace,* a defendant's failure to "adequately raise the basis of his challenge constitutes a waiver of that issue on appeal," then such failure also results in waiver of a ruling on that issue in a suppression hearing in the trial court. In other words, the defendant is entitled to relief only on the grounds set forth in his motion. Here, the defendant failed to ask for suppression on the ground of an invalid RFI survey and was, therefore, not entitled to that relief.

Turning now to the evidence concerning the RFI survey, I find the following testimony in the record:

"Q. Hand you what has been marked as State's Exhibit Number Ten and ask you to identify that.

"A. Okay, this ah, here is the RFI survey that they do on the BAC verifier.

"Q. Is that an original of that document?

"A. I believe the typing on this is original. This parent, this paper here appears to be a copy ah, but this is the one that stays with the book.

"Q. And that is kept at the Highway Patrol Post with the BAC Machine?

"A. Right, it is kept in the log book ah, for the machine.

"Q. When was that survey performed?

"[Defense counsel]: Objection. Unless he has personal knowledge, otherwise, this document speaks for itself.

"Court: I'll sustain the objection.

"Prosecutor: Thank you, Your honor.

"Q. Was that ta—was the BAC at that same location as it was since that test was taken? Has it been moved since that test?

"A. Yeah, this—from the time that this RFI was performed, it has been moved, yes.

"Q. Okay, and when was that?

"A. When we moved into the new facility. *But this RFI would come under the test that was performed at the old building.*

"Defense: Move to strike the ah, last sentence.

"Court: Basis?

"Defense: There's no ah—he has no—there is no foundation for him to say that this RFI holds once ah, once the machine's been moved. He's not an expert on the RFI. He has nothing to do with it other than saying that this is the document that came from the Post. The foundational [*sic*] of the objection he is not an expert in the RFI. You can't come to a conclusion as to whether or, or not there's compliance with Department of Health regulations. What he said was it holds true once it's been moved even though there was no survey. He has no right or basis to say something like that.

"Court: Any response, Mr. Prosecutor?

"Prosecutor: I believe he is just stating that the document was in effect during this testing procedure. That's what I got out of the statement. Just going by the dates on the document—

"Court: I'm going to sustain the objection. I think you need to clarify what period of time your [*sic*] talking about.

"Q. *Was that document in effect on February 25th of this year?* [The blood alcohol test was administered on the 25th of February.]

"A. *Yes.*" (Emphasis added.)

First, I must observe that I think the trial court erred in sustaining the motion to strike the testimony of the state's witness. The ground given for

the motion completely misconstrued the testimony of the witness who merely said that the blood-alcohol content ("BAC") test which was performed at the old building was completed under the RFI survey which is reported on state's Exhibit 10. The witness said nothing about the RFI survey remaining in effect even after the machine was moved to a new location. Since the motion to strike was not supported by proper grounds, it should have been overruled. This would have left in evidence for the court's consideration a very important statement by the witness to the effect that the BAC test in question here was performed in the old facility, when the RFI survey depicted on state's Exhibit 10 still applied.

Furthermore, I believe that the trial court committed error prejudicial to the state by sustaining the motion to suppress on the irrelevant ground that a new RFI survey was not performed *after* the Verifier was moved to the new building. The testimony by the state's witness was that the BAC test on the defendant was performed in the old building. Moreover, the testimony is clear that state's Exhibit 10 (the RFI survey) was in effect on the 25th of February. This calls into question finding of fact number 19 by the trial court. See majority opinion, *supra*. I can find not one shred of evidence in the record to support this finding. The prosecutor never inquired about an RFI survey after the move to the new post and there was no attempt to prove that a survey was conducted after the move.

The majority opinion points out that the trial court is the finder of fact in this case and that a reviewing court must defer to the trial court in this regard. However, I do not view this as a case involving a dispute as to the facts which the trial court resolved by assigning weight and determining credibility. The record contains the testimony of only one witness. Under these circumstances it is difficult to envision a dispute of fact for resolution by the trial court. All that is required here is a fair interpretation of the words spoken. I admit that the questions and answers were not always spoken with precision but, nevertheless, my reading of the transcript brings me to the conclusions set forth above.

I would reverse the judgment of the trial court and order the BAC test admitted.