I respectfully dissent from the majority opinion. Unlike the majority, I find the use of the word "may" in the case sub judice
is a sufficient distinction from Shindler to cause a different result.
The twelve (12) grounds listed in appellant's motion to suppress challenge the admissibility of appellant's breathalyzer test results on the possibility that the State may not be able to meet the foundational requirements necessary for the admission of said results. These allegations are objective in nature, easily subject to verification upon inspection of the records kept by the Ohio State Highway Patrol.
Because the evidence necessary to support the allegations in appellant's motion to suppress is capable of verification via discovery, appellant's motion, which merely asserts regulations may have been violated, suggests appellant did not engage in the available discovery process. Appellant's filing of his motion appears to be merely a substitute for discovery. "Motions to suppress pursuant to Crim. R. 12 are not and should not be considered viable alternatives to criminal discovery pursuant to Crim. R. 16." State v. Marion (1992), 73 Ohio App.3d 752, 755.
In this way, the instant action is distinguishable fromSchindler, supra, in which the motion to suppress, although a copy of a sample motion found in a treatise, set forth affirmative allegations. Here, appellant does not fully articulate his factual basis, but rather only alleges possibilities.
Appellant has failed to comply with Crim. R. 47 and has not set forth a sufficient factual basis to warrant an evidentiary hearing. Accordingly, I find no error in the trial court's denial of a suppression hearing.
I would caution that any future challenges made against the State's non-compliance with statutes and regulations, which simply change the word "may" to "did", must be made in good faith subsequent to undertaking discovery. Should the trial court discover the affirmative allegations in such motion are not supported by any evidence and were made in bad faith, the trial court, in its discretion, could consider sanctions for frivolous conduct.
Accordingly, I would overrule appellant's assignment of error and affirm the judgment of the trial court.
 ____________________________________ JUDGE WILLIAM B. HOFFMAN
 JUDGMENT ENTRY
CASE NO. 97CA0030
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Lancaster Municipal Court, Fairfield County, is reversed and remanded to that court for further proceedings in accord with law and consistent with this opinion. Costs assessed to the State.