OPINION
On January 17, 1999, Patrolman James Campbell of the Pataskala Police Department observed a vehicle without a front license plate. Driver of the vehicle was appellant, Jason Klein. Upon stopping the vehicle and conducting an investigation, Patrolman Campbell cited appellant for driving under suspension in violation of R.C.4507.02(D)(2). On February 12, 1999, appellant filed a motion to suppress claiming the stop was unreasonable. A hearing was held on March 10, 1999. By judgment entry filed April 23, 1999, the trial court denied the motion. On May 27, 1999, appellant pled no contest to the charge. By judgment entry filed same date, the trial court found appellant guilty and sentenced him to ninety days in jail, eighty-seven days suspended, and ordered him to pay a $250 fine plus court costs. Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I THE LOWER COURT ERRED AND/OR ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION TO SUPPRESS.
 I
Appellant claims the trial court erred in denying his motion to suppress. We disagree. There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 486; State v. Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93; State v. Claytor (1993), 85 Ohio App.3d 623; Guysinger. As the United States Supreme Court held in Ornelas v. U.S. (1996),116 S.Ct. 1657, 1663, ". . . as general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal." Appellant's motion does not state with any particularity the basis upon which he requests a suppression of the evidence. We note Crim.R. 47 states a motion "shall state with particularity the grounds upon which it is made and shall set forth the relief or order sought." Motions to suppress must comply with the requirements of Crim.R. 47. State v. Marion (1992) 73 Ohio App.3d 752. Patrolman Campbell stopped appellant because his vehicle did not have a front license plate. At the suppression hearing, appellant argued the stop was improper because although the license plate was not in the front bracket of the vehicle, it was on the dashboard in plain view. Appellant argued once Patrolman Campbell saw the license plate on the dashboard, he should not have proceeded with any further inquiry. T. at 3. Upon review, we find the transcript of the suppression hearing is incomplete. The transcript starts with appellant's cross-examination and notes "[a]fter a lapse in the recording, the following proceedings were had." There is no transcript of Patrolman Campbell's testimony nor is there any evidence that an App.R. 9(C) statement was attempted. In particular, there is no testimony as to when Patrolman Campbell noticed the license plate on the dashboard, how he approached the vehicle and what he knew about appellant's driving status at the time of the stop. In its judgment entry filed April 23, 1999, the trial court made the following findings of fact: At the hearing officer Campbell of the Pataskala Police Department testified that he observed the Defendant operating a motor vehicle on East Broad or Route 16 in the Village of Pataskala and watched the vehicle drive by him from left to his right and he noticed that the vehicle did not have a front license plate. The officer pulled up behind the vehicle, turned on his overhead lights, stopped the vehicle which pulled over. The officer approached the car and asked the driver for his operator's license at which time the driver said he did not have one. The officer at that time notices the license plate stuck on the dash in front of the driver. The officer notes this is a steel license plate, not a temporary tag. The officer checks the BMV records and he confirms that the operator does not have a driver's license. The Defendant is then cited for operating a motor vehicle without a valid operator's license under 4507.02.
Absent a complete transcript, we must accept the trial court's findings of fact. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197. R.C. 4503.21 requires that an operator of a motor vehicle shall "display in plain view on the front and rear of the motor vehicle the distinctive number and registration mark * * *." Accepting the trial court's findings, Patrolman Campbell did not see the license plate on the dashboard until after the stop and after his initial contact with appellant. We conclude Patrolman Campbell had a specific articulable fact to stop appellant's vehicle under Terry v. Ohio (1968), 392 U.S. 1. Patrolman Campbell was unaware of the front plate on the dashboard until after the stop and the original questioning of appellant had begun. Once appellant failed to produce a valid driver's license, Patrolman Campbell legitimately proceeded to inquire of his driver's license status. Patrolman Campbell observed a violation of R.C. 4503.21
and had the right to stop the vehicle and appellant. There is no evidence to contradict the finding of fact that Patrolman Campbell did not notice the license plate on the dashboard until the initial questioning of appellant. Upon review, we find the trial court did not err in denying the motion to suppress. The sole assignment of error is denied.
The judgment of the Municipal Court of Licking County, Ohio is hereby affirmed.
By Farmer, J. Gwin, P.J. and Hoffman, J. concur.