BOWLIN, APPELLEE, *v.* BLACK & WHITE CAB CO., APPELLANT;
SPILIS, APPELLEE. (Two cases.)

[Cite as Bowlin v. Black & White Cab Co., 7 Ohio App. 2d 133.]

(Nos. 6112 and 6113—Decided August 10, 1966.)

*Mr. W. V. Cruey,* for appellee Ida Bowlin.
*Messrs. Finn, Manahan & Pietrykowski,* and *Mr. H. William Bamman,* for appellant.
*Mr. Charles J. Cole,* for appellee Florence M. Spilis.

SMITH, P. J. This is an appeal on questions of law from a judgment of the Municipal Court of Toledo in favor of plaintiff-appellee against defendant-appellant, Black and White Cab Company, in the amount of $1,400, and judgment in favor of the other defendant-appellee, Florence M. Spilis.

The case was submitted to the trial court without the intervention of a jury. At the conclusion of the trial, upon motion by the cab company, the trial court stated in writing separate findings of fact and conclusions of law, as follows:

"1. That the defendant, Black & White Cab Company, is a corporation, organized and existing under the laws of the state of Ohio, and at the time described in said petition was engaged in the operation of public taxicabs within the limits of the city of Toledo, Lucas County, Ohio.

"2. That Adams Street was at the time described in said petition a duly dedicated public thoroughfare, running in a generally easterly-westerly direction in the city of Toledo, and that said street intersected at right angles with Erie Street, also a duly dedicated public thoroughfare, running in a generally northerly-southerly direction in said city.

"3. That on July 10, 1965, at about 1:30 p. m., plaintiff was a passenger in one of the taxicabs operated by the defendant, Black & White Cab Company, and that said taxicab was driven by Earl A. Young, an employee of said defendant, Black & White Cab Company, who at said time was acting within the scope of his employment.

"4. That at said time the above-described taxicab was proceeding in an easterly direction on Adams Street and entered the intersection of Erie Street and Adams Street, with a collision occurring between said taxicab and an automobile driven in a northerly direction on Erie Street by the Defendant, Florence M. Spilis.

"5 That a traffic signal controls the flow of traffic at said intersection but that the taxicab heretofore described entered said intersection against said signal.

"6. That the defendant, Black & White Cab Company, through the operation of said taxicab by its employee, Earl A. Young, was guilty of negligence.

"7. That as a direct and proximate result of the negligence as aforesaid the plaintiff sustained injuries and damages and

by reason thereof is entitled to a judgment against said Black & White Cab Company in the amount of $1,400.00 and the costs herein."

The allegations of the petition admitted by the separate answers of the defendants and the evidence in the record support the trial court's findings of fact paragraphs numbered 1, 2, 3, and 4 and that part of 5 "That a traffic signal controls the flow of traffic at said intersection * * *."

The allegations of the petition setting forth plaintiff's injuries and damage in the amount of $2,000 were denied by the separate answers of the defendants for want of information and knowledge. The said answers of the defendants deny that the injuries and damage to the plaintiff were directly and proximately caused by the concurring negligence of both the defendants in the following respects: In failure to keep a lookout for each other as they entered the intersection; and in failing to take necessary action to avoid a collision occurring between a cab company taxicab and the automobile of defendant Spilis.

Plaintiff-appellant Ida Bowlin filed her notice of appeal on questions of law from the judgment in favor of the defendant-appellee Florence M. Spilis, and defendant-appellant also filed notice of appeal on the judgment against it, the cab company, in the amount of $1,400.

The plaintiff filed a brief in this court denominated "Brief of Plaintiff-Appellee," and in the argument and law, in response to the assignments of error of the defendant-appellant cab company, urges this court to affirm the judgment against the cab company and, inferentially, without specific assignments of error, suggests that judgment should also have been rendered against the defendant Spilis based on concurrent negligence.

The assignments of error of the defendant-appellant cab company are directed to (1 and 2) the overruling of the trial court of its motion for judgment directed in its favor at the conclusion of plaintiff's case and the renewal of such motion at the conclusion of all the evidence; (3) that the conclusion of the trial court that the taxicab entered the intersection against the traffic light was contrary to and not supported by the evidence; and (4) that the judgment is contrary to law and not supported by the evidence, and (5) is excessive.

136

The errors assigned numbered 1 and 2 as to the overruling of the motion for judgment for the cab company at the close of plaintiff's case and again at the conclusion of the case are based upon the claim that the plaintiff-appellant is conclusively bound by her testimony to the extent that such testimony was of such a character as to defeat her right of recovery. Plaintiff-appellant testified that she was seated in the right side of the back seat of the taxicab; that it was her "impression" that the traffic light was green when the taxicab entered the intersection; that it was her "impression" that the other car ran the red light; that she could not answer the question as to why she was suing the cab company when she says the light was green for the cab company; but that on advice of her attorney suit was brought against the cab company and defendant Spilis, the driver of the other car.

The driver of the taxicab testified that he drove the taxicab of the defendant cab company into the intersection on a green arrow. The daughter of plaintiff, who was riding in the back seat of the taxicab with plaintiff, stated that the taxicab had the green light. She also stated that she does not drive a car; that she couldn't tell whether it was a full green light or an arrow; and that when she looked at the light the taxicab was in the middle of the intersection. The witness Avery testified that he saw a green arrow right after the collision of the taxicab and the car of the defendant Spilis, when he was standing 150 to 160 feet away.

The defendant Spilis, upon cross-examination, testified that she was driving in the center of Erie Street, a one-way street, with space for an automobile between her automobile and the right-hand curb; that she was following the light at all times as she was approaching the intersection of Erie Street with Adams Street, also a one-way street; that the traffic light had shown a signal for stop, caution, a straight-ahead arrow, and a double arrow signifying a right-hand turn and straight-ahead; that as she approached the interesection the light showed a double green arrow and was so signaling at the time of the collision between the taxicab and her automobile; and that when she noticed the taxicab approaching from her left she tried to stop but the taxicab struck her automobile on the left front fen-

der, and both automobiles were stopped in the intersection until the police arrived.

The witness Templen, sister of the defendant Spilis, stated she was riding in the car of defendant Spilis in the right front seat; that the traffic light for defendant Spilis was a green arrow pointed up and to the right as defendant Spilis entered the intersection, and after she saw the taxicab coming she looked up again and the light was still green; and that after defendant Spilis' car entered the intersection the driver of the taxicab picked up speed as he entered the intersection. The witness Schweinhagen testified that he was in his automobile behind the car of the defendant Spilis; that he saw the traffic light at the time the defendant Spilis entered the intersection, which was two green arrows; that he was stopped in the right-hand lane facing the light on Erie Street; and that he recognized the defendant Spilis in the courtroom as the same person he saw at the accident.

It has been frequently held in general terms, or in effect, that a party is bound by his own testimony provided it is understandingly given. It is stated in 32A Corpus Juris Secundum 776, Section 1040 (3):

"The extent to which a party is concluded by his own testimony adverse to his contentions in the litigation has been characterized as one of the most troublesome questions in the law of evidence. It has been impossible for the courts to formulate a general and uniform rule patterned for all cases and they frequently depart from the espoused rules where the result would otherwise offend their sense of justice."

While there seems to be some contrariety of decisions in other jurisdictions, and the cases in Ohio have not settled the question involved in the case at bar, we are of the opinion that the rule applicable here is stated in 32A Corpus Juris Secundum 779, Section 1040 (3), as follows:

"The rule that a party is concluded by his own testimony adverse to his contentions in the litigation is not to be extended by a strained construction of his testimony; nor is it the law that everything that a party says in the course of his testimony which is against his interest is to be taken as conclusively true. Thus a party is not concluded by his adverse testimony where

it appears that he was honestly mistaken; a party does not testify at the peril of having every slip of his tongue taken as conclusively true if his inadvertently used words cause him to appear to have made a statement which is not true but is against his interest in the case. * * *"

And, on page 785, it is stated:

"According to one line of authorities, a party is not concluded by his own testimony where it is not in the nature of a judicial admission, but may have the benefit of more favorable evidence which contradicts his own even where such evidence is supplied by the adverse party, since a party may be mistaken in his testimony, like any other witness. This rule has been held particularly applicable where the testimony relates to an accident or similar event, in which case testimony is peculiarly subject to inexactness of observation and memory. * * *"

Further, on page 788, it is said as follows:

"Another view is that testimony by a party adverse to his contentions should be viewed in the light of all of the circumstances and conditions proved, and unless they indicate a probability of error in the party's testimony, he should not be permitted to avert the consequences of his testimony by the introduction of, or reliance on, other evidence. Under such view the party's good faith and honesty are the test; he is concluded where acceptance of contradictory evidence requires the conclusion that he deliberately testified falsely; he is not concluded where it appears that he could in good faith have been mistaken."

Plaintiff did not testify as to any facts relating to her own actions or conduct constituting contributory negligence on her part, and her testimony as to the conduct of the driver of the taxicab was in the same category as any other witness not a party to the action.

The following cases are exemplary of the rule in other jurisdictions in support of the text quoted above in Corpus Juris Secundum.

In *Gibson* v. *County of Mendocino* (1940), 16 Cal. 2d 80, 105 P. 2d 105, a tort action by the plaintiff, it was held on page 87, by the Supreme Court of California:

"* * * However, in giving her testimony Mrs. Gibson was not making an admission or testifying to a fact peculiarly with-

in her own knowledge,—she was merely giving a narration of events as they appeared to her at or immediately prior to the happening of the accident. She, therefore, was not conclusively bound by her own testimony as against circumstantial or other evidence bearing on the question of proximate cause which the fact-finding body might fairly have believed. * * *''

In the case of *Gale* v. *Kay*, (Wyo., 1964), 390 P. 2d 596, a suit for damages growing out of an automobile accident, as to the testimony of the plaintiff, the Wyoming Supreme Court said on page 599:

''We see nothing in the case to indicate that plaintiff-Gale was intentionally falsifying or that he was making a bona fide admission against interest. This court could hardly claim to be a court of justice if it did not recognize that an injured party, whose testimony consists of a narration of events as they appeared to him at or immediately prior to the happening of an accident causing serious injury and unconsciousness, is not conclusively bound by his own testimony as against other evidence which the fact-finding body might fairly believe.

''Holdings to this effect and to the effect that the jury is not bound by evidence which is introduced by a party and which negatives his claim have been made in the following Pacific-state cases: *Gibson* v. *Mendocino County*, 16 Cal. 2d 80, 105 P. 2d 105, 108; *Holland* v. *Morgan & Peacock Properties Company*, 168 Cal. App. 2d 206, 335 P. 2d 769, 773; *Valdin* v. *Holteen*, 199 Or. 134, 260 P. 2d 504, 509; *Dahlgren* v. *Blomeen*, 49 Wash. 2d 47, 298 P. 2d 479, 481-482; *Gioldi* v. *Sartorio*, 119 Cal. App. 2d 198, 259 P. 2d 62, 65; *Green* v. *Floe*, 28 Wash. 2d 620, 183 P. 2d 771, 772. See also *Alamo* v. *Del Rosario*, 69 App. D. C. 47, 98 F. 2d 328, 331; Annotation 169 A. L. R. 798, 809; and 9 Wigmore, Evidence, Section 2594a, pp. 597-601 (3d Ed.).''

In the case of *Rueger* v. *Hawks* (1949), 150 Neb. 834, 36 N. W. 2d 236, it was stated in the opinion, on page 847:

''As to the right of a party to the benefit of other evidence than his own, in contradiction of his own self-injuring statements (if the testimony of the plaintiff in the instant case can be so considered) there is great confusion and conflict among the jurisdictions and as to particular types of testimony. Under the older practice and prevailing rule, a party is entitled to the benefit of the testimony of other witnesses in contradiction of

his own, wherever his own is not of the character of a judicial admission, and concerns only some evidential or constituent circumstance of his case. This is especially so as to the circumstances of an accident or similar event, because in such a case the party's testimony is especially subject to inexactness of observation and memory. See annotation in 169 A. L. R., p. 809. See, also, *Kanopka* v. *Kanopka,* 113 Conn. 30, 154 A. 144, 80 A. L. R. 619; *Cox* v. *Jones,* 138 Or. 327, 5 P. 2d 102; *McFaden* v. *Nordblom,* 307 Mass. 574, 30 N. E. 2d 852.''

The text in 21 Ohio Jurisprudence 2d 710, 711, states the general rule that the testimony of the party to an action necessarily subversive to his interests in the particular action is regarded in all courts as conclusive. But the Ohio cases cited are of no assistance in deciding the question in the case at bar. The case of *Winkler* v. *City of Columbus* (1934), 149 Ohio St. 39, unlike the case at bar, decided that the testimony of the plaintiff in her tort action against the city as to her own conduct with knowledge of a defect in the condition of the sidewalk showed contributory negligence as a matter of law. The same rule was applied by the court in *New York Central Rd. Co.* v. *Stevens, Admr.* (1933), 126 Ohio St. 395, 87 A. L. R. 884; *E. Kahn's Sons Co.* v. *Ellswick* (1930), 122 Ohio St 576; *Cleveland, Cincinnati, Chicago & St. L. Ry. Co.* v. *Lee, Admr.* (1924), 111 Ohio St. 391.

Likewise, we find no analogous facts and pronouncements of a rule of evidence applicable or controlling in the case before this court in the following Ohio cases:

*Bick* v. *Perelman,* 87 Ohio Law Abs. 33 (suit for accounting services, where plaintiff testified that he didn't expect to be paid, and hence no meeting of the minds on the terms of contract, which cannot be implied); *Tritsch* v. *Bach,* 87 Ohio App. 19 (suit for damages for breach of an executory contract to form a partnership, where testimony of the plaintiff amounts to an admission that the partnership was launched); *Jackson* v. *Mannor,* 90 Ohio App. 424 (testimony by defendant as to the speed of the car he was driving); and *Gastauer* v. *Taxicabs of Cincinnati, Inc.* (1957), 103 Ohio App. 511 (testimony by a plaintiff, a passenger in the taxicab, as to conversation with the taxicab driver, is not conduct of negligence as a matter of fact and depends upon surrounding circumstances and presents an issue to be resolved by the trier of the facts).

We conclude, therefore, under the facts and circumstances of the instant case, that the testimony of the plaintiff is not necessarily subversive to her case and is not of such binding character as to preclude the court, trier of the facts, to consider all the evidence in the case in rendering judgment. The overruling of the motion for judgment for defendant cab company at the end of plaintiff's case and at the conclusion of the case was not error, and assignments of error Nos. 1 and 2 are not well taken.

This case was tried to the court which is clothed with the function of a jury, including the determination of the credibility of the witnesses. While the chief purpose of findings of fact by the court is to avoid a long bill of exceptions, in this case we have a bill of exceptions by which this court can test the findings of the trial court to determine whether the findings of fact are consistent with the evidence in the case. The findings of fact by the trial court which heard the testimony and the appearance-point-of-view of the witnesses upon the controlling facts in the case will not be set aside when there is nothing in the record to show that the court manifestly disregarded the weight of the evidence or violated any principle of law in making its findings in arriving at its conclusions. 4 Ohio Jurisprudence 2d 463.

Accordingly, we have concluded from the record that there is substantial evidence to support the findings of fact Nos. 1, 2, 3, 4 and part of 5, and, further, that the record, likewise, supports by substantial evidence the last part of finding of fact No. 5, and the conclusions of law Nos. 6 and 7. Therefore, the assignments of error in this case, five in number, are not well taken. The appeals of plaintiff-appellant and defendant-appellant cab company in the same case having been unnecessarily docketed under two numbers in this court, but consolidated for hearing and determination in this court, the same judgment will be entered on the docket of this court under both numbers.

The judgment of the Municipal Court of Toledo is affirmed at costs of appellants, and the cause remanded to said court for execution.

*Judgment affirmed.*

BROWN and STRAUB, JJ., concur.