SCHERER, Appellee,

v.

SCHERER, Appellant.

[Cite as *Scherer v. Scherer* (1991), 72 Ohio App.3d 211.]

Court of Appeals of Ohio,
Logan County.

No. 8-89-26.

Decided Jan. 18, 1991.

*Roof & Barrett* and *Thomas A. Roof,* for appellant.

*Gerald L. Heaton,* Prosecuting Attorney, and *Michael L. Brady,* for appellee.

THOMAS F. BRYANT, Judge.

This is an appeal from a judgment of the Court of Common Pleas of Logan County finding appellant guilty of contempt, imposing a fine and a suspended jail term.

Appellant and another attorney at law, while appearing on November 16, 1988 in a legal proceeding at which the court's domestic relations referee

presided, engaged in conduct resulting in the referee's termination of the proceedings and initiation of charges of contempt of court against both.

The contempt charges were heard by the common pleas judge by whom the disrupted reference was made. Upon hearing the evidence, the court found both lawyers in contempt of court for their misconduct as officers of the court and imposed upon each a fine of five hundred dollars and a three-day jail term, the latter suspended upon condition of future good conduct.

Only appellant brings an appeal from that finding and sentence, assigning error as follows:

"The trial court committed error in finding contemnor guilty of contempt as said ruling was against the manifest weight of the evidence."

"The trial court committed error and abused its discretion in fining contemnor five hundred dollars ($500) and sentencing him to the same exact sentence as opposing counsel."

The thrust of appellant's arguments on these assignments of error is, first, that he disagrees with the trial court's finding that the in-court conduct attributed to him constitutes contempt of court and, finally, that if such conduct is to be found contemptuous, his conduct is not as bad as that of his co-contemnor, for which disparity in performance he should suffer a lesser penalty than that imposed for the more egregious conduct of his fellow.

The concept of contempt of court may be defined generally and as it applies here:

"In its broad sense, a contempt is a disregard of, or disobedience to, the orders or commands of a public authority, legislative or judicial, or an interruption of its proceedings by disorderly behavior or insolent language, in its presence, or so near thereto as to disturb its proceedings or impair due respect for its authority. In its narrower and more usual sense, contempt has been defined as a despising of the authority, justice, or dignity of the court; and he is guilty of contempt whose conduct is such as tends to bring the administration of the law into disrespect and disregard or who interferes with or prejudices parties litigant or their witnesses during litigation, or otherwise tends to impede, embarrass or obstruct the court in the performance of its functions. Whoever by misconduct obstructs the administration of justice does so at his peril and is guilty of contempt." 17 Ohio Jurisprudence 3d (1980) 315–316, Contempt, Section 1.

Contempts may be classified as direct or indirect. A direct contempt is one which occurs in the presence of the court in its judicial function. A direct contempt may occur in the presence of the court constructively, out of the courtroom or presence of the judge, in such circumstances and when of such

character that the conduct affects adversely or obstructs the administration of justice. Thus, actions such as appellant's, occurring in the presence of the court's referee during the hearing of a matter referred by the trial judge for findings, may be a direct contempt if so found by a trier of fact.

Contempts may be further classified.

"Contempts of court are also classed as being either civil or criminal. Criminal contempts are those which are committed in the presence of the court and disturb its administration of justice either physically and directly, as by disorderly conduct, or morally and indirectly, by bringing the administration of justice into public disgrace. They include all acts committed against the majesty of the law, or against the court as an agency of the government, and, in which, therefore, the whole people are concerned. Such contempts include those committed in the presence or in such proximity to the court or judge as to obstruct the administration of justice, such as a publication imputing to a judge conduct which, if true, would degrade the court, destroy its power and influence, and prejudice the people into believing that a trial then being conducted was a farce." 17 Ohio Jurisprudence 3d (1980) 323–324, Contempt, Section 6.

■ The purpose to be served by a criminal contempt proceeding is punishment of the offender and, thus, vindication of the justice system. A contempt proceeding, such as here, to punish the contemnor for past contemptuous conduct is therefore criminal contempt. See *Schrader v. Huff* (1983), 8 Ohio App.3d 111, 113, 8 OBR 146, 148, 456 N.E.2d 587, 589.

■ A criminal contempt must be shown by proof beyond a reasonable doubt of the contemnor's guilt. *Brown v. Executive 200, Inc.* (1980), 64 Ohio St.2d 250, 18 O.O.3d 446, 416 N.E.2d 610. Appellant urges that the evidence of his conduct does not meet that standard of proof. We disagree.

■ At the contempt hearing before the trial judge, both contemnors admitted or conceded, indeed, asserted, their long-standing mutual dislike or contempt for each other. The record of the referee's proceeding discloses exceedingly disputatious examination of a witness, notwithstanding the admonition of the referee, interspersed with the disruptive colloquies of counsel, all prompting the referee to ultimately recess and then terminate the proceeding. From the record it is clear that the referee's proceeding was disrupted. There is substantial credible evidence to support a finding of contempt by appellant beyond a reasonable doubt, depending upon the credibility and weight assigned to that evidence by the trier of fact, here the trial judge.

Our examination of the cold record of the referee's disrupted proceedings does not, of course, convey to us the tone of inflections, attitudes, bearing,

nonverbal communications and general demeanor of the witnesses and counsel observed by the referee prompting her charges of contempt. Likewise, we are unable to draw such perceptions from the record of the contempt proceedings conducted by the trial judge.

On appeal, the findings and conclusions "by the trial court which heard the testimony and the appearance-point-of-view of the witnesses upon the controlling facts in the case will not be set aside when there is nothing in the record to show that the court manifestly disregarded the weight of the evidence or violated any principle of law in making its findings in arriving at its conclusions." *Bowlin v. Black & White Cab Co.* (1966), 7 Ohio App.2d 133, 141, 36 O.O.2d 288, 292, 219 N.E.2d 221, 226.

The first assignment of error is overruled.

■ Appellant's argument in support of his second assignment of error is based, in part, on the claimed application to the contempt proceedings of R.C. 2705.05(A)(1), which is:

"(A) In all contempt proceedings, the court shall conduct a hearing. At the hearing, the court shall investigate the charge and hear any answer or testimony that the accused makes or offers and shall determine whether the accused is guilty of the contempt charge. If the accused is found guilty, the court may impose any of the following penalties:

"(1) For a first offense, a fine of not more than two hundred fifty dollars, a definite term of imprisonment of not more than thirty days in jail, or both[.]"

Appellant asserts that the fine for contempt may not, for a first offense, exceed two hundred fifty dollars and that the trial court exceeded its authority by imposing a five hundred dollar fine upon him.

R.C. 2705.01 provides:

"A court, or judge in chambers, may summarily punish a person guilty of misbehavior in the presence of or so near the court or judge as to obstruct the administration of justice."

That section has been held to represent no more than a statutory form of the common-law power of courts to summarily punish for acts of direct contempt which obstruct the administration of justice, neither enlarging nor limiting the court's inherent power. *In re Neff* (1969), 20 Ohio App.2d 213, 221, 49 O.O.2d 312, 317, 254 N.E.2d 25, 32.

The Supreme Court has held that:

"Courts, in their sound discretion, have the power to determine the kind and character of conduct which constitutes direct contempt of court. In imposing punishment for acts of direct contempt, courts are not limited by legislation

but have the power to impose a penalty reasonably commensurate with the gravity of the offense. (*State v. Local Union 5760* [(1961) ], 172 Ohio St. 75, [15 O.O.2d 133, 173 N.E.2d 331], paragraph four of the syllabus, approved and followed.)" *State v. Kibane* (1980), 61 Ohio St.2d 201 [15 O.O.3d 221, 400 N.E.2d 386], paragraph one of the syllabus.

Having determined that the contempts found here are direct contempt, punitive and therefore criminal in purview, imposed upon attorneys for their misconduct in obstructing the administration of the judicial process, we do not find that the trial court abused its discretion either by its determination of the appropriate penalty to be imposed or in finding that equality of penalty was called for in the circumstances.

The second assignment of error is also overruled and the judgment of the Common Pleas Court of Logan County is affirmed.

*Judgment affirmed.*

SHAW, P.J., and EVANS, J., concur.