**DIVISION OF WILDLIFE, Appellee,**

v.

**FREED, Appellant.**

[Cite as *Div. of Wildlife v. Freed* (1995), 101 Ohio App.3d 709.]

Court of Appeals of Ohio,
Third District, Hancock County.

No. 5–94–24.

Decided March 16, 1995.

*Terry Freed,* pro se.

*David A. Hackenberg,* Law Director, and *Donald J. Rasmussen,* for appellee.

THOMAS F. BRYANT, Presiding Judge.

This is an appeal from a judgment of the Municipal Court of Findlay, Ohio finding defendant-appellant, Terry Freed, guilty of hunting without permission in violation of R.C. 1533.17.

On December 2, 1992, Game Protector James Abrams and Deputy Sheriff Timothy Graydon were patrolling an area in Marion Township checking the hunting licenses of deer hunters. Abrams and Graydon saw several hunters in or near a wooded lot and eventually approached them for the purpose of checking their hunting licenses. As Abrams approached the hunters, they appeared to walk away. After Abrams shouted at the group several times and identified himself as a game protector, the hunters stopped. Abrams asked the hunters for their licenses and appellant became quite hostile.

The hunters told Abrams and Graydon that they were hunting on property belonging to Donald Freed, who was present with the group but was not carrying a gun or wearing hunter orange. The hunters informed Abrams and Graydon

they were pursuing a wounded deer appellant thought he might have shot. After determining the validity of appellant's and the others' hunting licenses (excepting Donald Freed's), Abrams and Graydon left the area.

Abrams subsequently determined that the property on which the hunters were hunting was owned by Dr. Gary Hirschfeld, not Donald Freed. Appellant was cited for deterring a game protector [1] and hunting without permission on another's land.

Following a trial to the bench, appellant was convicted of hunting without permission in violation of R.C. 1533.17. Appellant appeared *pro se* at trial and in this court. Appellant asserts eleven assignments of error on appeal. Those assignments of error are argumentative and vague, but we believe it to be in the interest of fairness to address appellant's claims of error since he is appearing *pro se.* The first assignment of error is:

"The trial court erred to the prejudice of Terry Freed, when it upheld the officer stop of Terry Freed, without probable cause, when the officer admitted he had no probable cause, when questioned by Terry Freed as to his probable cause. Whether or not this officer had the right [*sic* ] led the lower court to believe there was probable [*sic* ] in falsified testimony which can be established by Affidavits."

Appellant claims in this assignment of error that Game Protector Abrams did not have probable cause to stop him. The issue raised by appellant is one of credibility of the witnesses, which is a matter for determination by the trier of fact. The trial court was in a much better position to assess the credibility of the witnesses than this court. Findings of fact by a trial court "will not be set aside when there is nothing in the record to show that court manifestly disregarded the weight of the evidence or violated any principle of law in making its findings in arriving at its conclusions." *Bowlin v. Black & White Cab Co.* (1966), 7 Ohio App.2d 133, 36 O.O.2d 288, 219 N.E.2d 221, paragraph three of the syllabus. A review of the evidence contained in the record does not disclose the trial court's manifest disregard for the weight of the evidence, nor did the trial court violate any principle of law in making its finding.

We further note that probable cause is not required for a game protector to ask a hunter for his hunting license. R.C. 1533.14 provides that persons hunting on lands of another must exhibit their hunting license to any game protector. R.C. 1533.11 provides that a special deer permit must be exhibited to any enforcement officer so requesting. Probable cause is not required in such instances.

---

1. Following trial to a jury, appellant was convicted of deterring a game protector. Appellant appealed his conviction to this court and the cause was dismissed. That conviction, therefore, is not at issue in this appeal.

Appellant's first assignment of error is without merit.

Appellant's second assignment of error is:

"The trial court erred to the prejudice of Terry Freed when, it allowed Prior Jeopardy to be perpetrated, the same cause of action to be issued against him which totally holds against Judicial Conduct during a hearing [*sic*]."

■ It is difficult to ascertain from appellant's assignment of error and argument in support thereof the basis for this claimed error. We believe appellant is claiming that he was subject to double jeopardy because he had already been tried on another offense arising out of the same occurrence. Prior to the bench trial in this case, appellant was tried by jury and convicted of deterring a game protector in violation of R.C. 1533.67.

If a defendant's act violates two statutes, he may be prosecuted under both "if each statute requires proof of an additional fact which the other does not." *Blockburger v. United States* (1932), 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309. See, also, *United States v. Dixon* (1993), 509 U.S. ——, 113 S.Ct. 2849, 125 L.Ed.2d 556. The offenses of deterring a game protector in violation of R.C. 1533.67 and of hunting without permission in violation of R.C. 1533.17 are totally different offenses with different elements. We further note that appellant's acts constituting the offense of deterring a game protector are separate from his act of hunting without permission. Accordingly, appellant has not been placed in double jeopardy.

Appellant's second assignment of error is without merit.

Appellant's third assignment of error is:

"The trial court erred to the prejudice of Terry Freed when the officer was allowed to cite Terry Freed for hunting on the land of another. When there was EASEMENT BY PRESCRIPTION and the owner had given verbal permission to the Freed's [*sic*]."

■ The burden of proving an easement is on the party asserting it. In order to establish an easement by prescription, it must be proven that the use of the property in question was open, notorious, adverse to the owner's property rights, continuous and for a period of at least twenty-one years. *Pence v. Darst* (1989), 62 Ohio App.3d 32, 37, 574 N.E.2d 548, 551. There is absolutely no evidence in the record that appellant or any member of his family had an easement by prescription concerning Dr. Hirschfeld's property.

Appellant also argues that Dr. Hirschfeld had given him verbal permission to pursue wounded deer on the Hirschfeld property. R.C. 1533.17 requires written permission for one to hunt on another's land. No provision is made for verbal

permission; therefore, any verbal permission which may have been given by Dr. Hirschfeld is irrelevant.

Appellant's third assignment of error is overruled.

Appellant's fourth assignment of error is:

"The trial court erred to the Prejudice of Terry Freed when there was no conclusive evidence that Terry Freed was hunting anywhere but on the families [*sic*] property."

Contrary to appellant's allegation in this assignment of error, all of the evidence in the record concerning ownership of the land in question supports the finding that the land belonged to Dr. Gary Hirschfeld. There is no evidence whatsoever that the land was owned by any member of the Freed family. Consequently, appellant's fourth assignment of error is without merit.

Appellant's fifth assignment of error is:

"The trial court erred to the prejudice of Terry Freed when it did not dismiss the case at the suppression hearing and decided that no probable cause was needed to detain Terry Freed, and did allow an unlawful search of his license packet."

■ Appellant's previous counsel filed a motion with the trial court entitled "Motion to Dismiss and/or Suppress Evidence." The motion purports to be made pursuant to Crim.R. 12(B)(3), which provides for motions to suppress evidence. It would have been improper for the trial court to dismiss this action pursuant to a suppression hearing, which does not decide guilt or innocence, but instead decides a matter of evidence. See *State v. Fraternal Order of Eagles Aerie 0337 Buckeye* (1991), 58 Ohio St.3d 166, 569 N.E.2d 478.

Appellant's argument concerning the issue of probable cause has been addressed in the first assignment of error and will not be addressed again in this fifth assignment of error.

Appellant's fifth assignment of error is without merit.

Appellant's sixth assignment of error is:

"The trial court erred to the prejudice of Terry Freed when it would not allow witnesses to be brought, in his defense, impeaching false testimony of the two officers."

■ Appellant sought to call witnesses at trial to impeach the credibility of deputy Graydon as to a specific instance of conduct. The trial court acted properly in not allowing appellant to elicit testimony from those witnesses about that specific instance. Evid.R. 608(B) provides that "[s]pecific instances of the conduct of a witness, for the purpose of attacking or supporting the witness's

character for truthfulness, * * * may not be proved by extrinsic evidence." Pursuant to this rule, appellant could not call witnesses concerning a specific instance of deputy Graydon's conduct to attack his character for truthfulness.

Appellant's sixth assignment of error is:

"The trial court erred to the prejudice of Terry Freed when it did not sustain the motion for a Directed Verdict."

At the close of the state's evidence at trial, appellant moved for judgment of acquittal pursuant to Crim.R. 29(A). A judgment of acquittal cannot be entered under Crim.R. 29(A) "if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 9 O.O.3d 401, 381 N.E.2d 184. The trial court found that reasonable minds could differ as to whether each material element of the crime had been proved beyond a reasonable doubt. We find no error in the court's denial of appellant's motion for acquittal.

Appellant's seventh assignment of error is without merit.

Appellant's eighth assignment of error is:

"The trial court erred to the prejudice of Terry Freed when it found him guilty of hunting on the lands of another without written permission. The Court sites [*sic*] [R]evised Code 1531.01(Y) to determine whether Terry Freed was engaged in hunting, without regard to the entire definition. Can the Lower Court's [*sic*] determine which parts of the Ohio Revised Code apply and which do not, all of the Code should have been applied."

Appellant apparently contends in this assignment of error that his conviction of hunting without permission is against the manifest weight of the evidence. The gist of appellant's argument seems to assert that the trial court did not address the portion of R.C. 1531.01(Y) (the definition of hunting) which provides that the hunter must employ a "device commonly used to kill or wound wild birds or wild quadrupeds." The trial court, however, stated in its decision dated May 9, 1994 that it found "each and every element of the offense of hunting upon the lands of another without written permission of the owner or designated agent have [*sic*] been established by the prosecutor beyond a reasonable doubt."

An appellate court will not substitute its judgment for that of the factfinder in determining whether a conviction is against the manifest weight of the evidence. *State v. Jenks* (1991), 61 Ohio St.3d 259, 279, 574 N.E.2d 492, 507. In *Jenks*, the court held:

"An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to

determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.,* paragraph two of the syllabus. See, also, *State v. Eley* (1978), 56 Ohio St.2d 169, 172, 10 O.O.3d 340, 341, 383 N.E.2d 132, 134.

Having reviewed the evidence in a light most favorable to the prosecution, this court is convinced that the evidence, if believed by the trial court, is sufficient to convince the average mind of appellant's guilt beyond a reasonable doubt. *Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

Appellant's eighth assignment of error is without merit.

Appellant's ninth assignment of error is:

"The trial court erred to the prejudice of Terry Freed because of malicious prosecution. Terry Freed was prosecuted because he refused to cooperate and accept a &50.00 [*sic*] plea bargain, and refused to be interrogated. Terry Freed was Discriminated against when others have not been cited for the same offense."

Appellant asserts he was maliciously prosecuted because he would not cooperate and would not accept a plea bargain. He cites a statement made by the prosecutor during a discussion with the court at trial concerning appellant's attempt to call witnesses to impeach the credibility of deputy Graydon. That statement is to the effect that the reason for the parties being in court is that appellant "wouldn't cooperate." Read in context, the statement appears to be in reference to appellant's failure to cooperate with Game Protector Abrams and Deputy Graydon on December 2, 1992, not his failure to cooperate with the prosecution by accepting a plea bargain. There is nothing in the record to indicate the statement means anything else, nor is there anything in the record to indicate appellant was maliciously prosecuted. Whether others have or have not been prosecuted for the same offense is irrelevant.

Appellant's ninth assignment of error is without merit.

Appellant's tenth assignment of error is:

"The Lower Court erred when it allowed three firearms in the trial proceedings, which intimidated the Defendant and his witnesses."

Appellant has failed to comply with App.R. 12(A)(2) since he cites nothing in the record which would indicate firearms were present in the courtroom. Our review of the record reveals no reference to firearms in the courtroom. Accordingly, appellant's tenth assignment of error is without merit.

Appellant's eleventh assignment of error is:

"The Lower Court erred when it allowed Mr. Abrams to cite Terry Freed and others when he had not complied with the State law requiring him to carry his own bond."

R.C. 1531.13 requires game protectors to post a bond. Game Protector Abrams testified at trial upon questioning by appellant that he has posted such bond and the premium is paid by the state. There is no contradictory evidence in the record. Appellant argues that the game protector is not sufficiently bonded because he did not pay the premium himself, but nothing in R.C. 1531.13 requires each game protector to personally pay the bond premium.

Appellant's eleventh assignment of error is without merit.

Having found no error prejudicial to appellant in the matters assigned and argued, we affirm the judgment of the Municipal Court of Findlay.

*Judgment affirmed.*

HADLEY and SHAW, JJ., concur.