This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Anne Veneziano, has appealed from the order of the Lorain County Court of Common Pleas, Domestic Relations Division, that held her in contempt of court. We reverse.
Appellant, an attorney, was retained to represent Jeannie Thompson in a domestic relations matter. On December 1, 2000, Appellant sought a civil protection order for her client after Jolliffe Thompson made death threats against Ms. Thompson to his therapist. A hearing was held on the motion. During the course of this hearing, Appellant and the magistrate disagreed with regard to the procedures that were being employed. Thereafter, the magistrate "found" Appellant to be in contempt of court and ordered her to appear before the trial court for a sanctions hearing. On December 19, 2000, the trial court conducted a sentencing hearing. Following this hearing, the trial court noted that it had reviewed the transcripts and that it found that Appellant was in contempt of court. The trial court then sentenced Appellant to two days in jail and a two hundred and fifty dollar fine. Appellant timely appealed and has raised two assignments of error for review.
 ASSIGNMENT OF ERROR I The trial court abused its discretion and erred to the prejudice of Appellant by finding Appellant in direct contempt of court in violation of Appellant's State and Federal Constitutional rights to due process of law.
 In her first assignment of error, Appellant has raised two contentions. First she has argued that the trial court erred and denied her due process of law when it found her in contempt of court without first conducting a hearing. Second, Appellant has argued that the trial court erred in finding that her actions constituted contempt of court. We agree with both contentions.
Contempt is a disregard of, or disobedience to, the orders or commands of a judicial authority. 17 Ohio Jurisprudence 3d (2001) 246, Contempt, Section 1. Contempt is classified as either direct or indirect. R.C.2705.01 defines direct contempt as "misbehavior in the presence of or so near the court or judge as to obstruct the administration of justice." Indirect contempt includes "[m]isbehavior of an officer of the court in the performance of official duties, or in official transactions[.]" R.C. 2705.02(B). Direct contempt is further divided into two categories, namely contemptuous conduct occurring in the actual presence of the judge and contemptuous conduct occurring before an officer of the court other than the judge. Scherer v. Scherer (1991), 72 Ohio App.3d 211, 213-214. The latter is referred to as contempt in the constructive presence of the court. Id. Because the judge acts on his or her personal knowledge of all the facts, those acts which occur in the actual presence of the judge may be dealt with summarily without either a written charge or a hearing. In re Neff (1969), 20 Ohio App.2d 213, paragraph three of the syllabus. However, in order to hold a person in contempt for acts occurring either within the court's constructive presence or outside the court's presence altogether, the alleged contemnor must be notified of the charges against him and a hearing must be held to establish the necessary elements of proof and to afford the defendant an opportunity to be heard. R.C. 2705.03; State v. Local Union 5760 (1961), 172 Ohio St. 75,82; In Re Neff, 20 Ohio App.2d at 223-224.
This Court notes that at the sentencing hearing Appellant's counsel did request that Appellant be sworn in when giving her statements regarding the incidents. It also appears that the trial court took statements from the magistrate and counsel for Mr. Thompson regarding the incident, however, these statements were not under oath and were not subject to cross examination. This Court has construed these proceedings to be a sentencing hearing because that is what the trial court deemed it to be and because of the lack of testimony under oath by the opposing witnesses. While it appears that Appellant was provided the opportunity to offer evidence in mitigation, it does not appear that an appropriate hearing to determine guilt was held. Accordingly, Appellant was denied due process of law where the trial court found her guilty of contempt without first conducting a hearing. See State v. Moody (1996),116 Ohio App.3d 176.
Even assuming arguendo that the trial court had not denied Appellant due process of law, it erred by holding Appellant in contempt for her actions. The history of this case and the high level of emotions surrounding it must be considered in resolving this issue.
Appellant represented an individual who's life was possibly in jeopardy. In fact, specific threats had been made against Appellant's client by Mr. Thompson as reported by a licensed professional who was counseling Mr. Thompson. These threats build upon the admitted history of abuse by Mr. Thompson and a previous incident wherein Mr. Thompson held a gun to this client's head and threatened to kill her. Fortuitously, on the previous occasion the gun was not loaded. Such matters represented dire and extreme circumstances.
In light of the underlying circumstances, the magistrate engaged in behavior that can only be described as questionable, at best, when he reviewed Appellant's motion for an ex parte civil protective order and allowed not only Mr. Thompson's counsel to be present, but also Mr. Thompson himself. Additionally, it appears that the magistrate permitted Mr. Thompson and his counsel to make critical recommendations about whether the therapist should be called as a witness.
Certainly this Court does not condone anyone showing disrespect to a court or an agent of the court. However, in order to constitute direct contempt, the conduct must be such that it poses "an imminent threat to the administration of justice." State v. Conliff (1978),61 Ohio App.2d 185, 190.
The record of the proceedings between Appellant and the magistrate suggests that when Appellant attempted to object to the proceedings in order to protect her client and then requested that her objection be placed on the record, said request precipitated the magistrate's calling a recess. The subsequent exchange between Appellant and the magistrate regarding Appellant's objections resulted in the magistrate's finding of contempt. It has been previously found that an attorney's acts to object in order to protect the interests of the client may not alone form the basis for a contempt of court. In re Contempt of Rossman (1992)82 Ohio App.3d 730, 734. Appellant's objections in this case and the subsequent exchange during a court recess did not inhibit the administration of justice and therefore were not an appropriate basis for a direct contempt sanction.
After the trial court reviewed the matter, it stated that it was the tone and demeanor used by Appellant and the disrespect shown to the magistrate that substantiated the direct contempt citation. The Supreme Court noted in In re Little (1972), 404 U.S. 553, 555,30 L.Ed.2d 708, 711:
 The vehemence of the language used is not alone the measure of the power to punish for contempt. The fires which it kindles must constitute an imminent, not merely a likely, threat to the administration of justice. The danger must not be remote or even probable; it must immediately imperil. The law of contempt is not made for the protection of judges who may be sensitive to the winds of public opinion. Judges are supposed to be men of fortitude, able to thrive in a hardy climate. * * * Trial courts must be on guard against confusing offenses to their sensibilities with obstruction to the administration of justice.
 (Citations omitted.) While the actions and language used during the court recess in this present case may have been disrespectful to the magistrate, such actions do not rise to the level necessary to immediately imperil the wheels of justice. See id. Additionally, trial courts and magistrates need to be mindful of the heightened emotions in situations such as the one at hand, and must be "skilled enough and compassionate enough to deal with outbursts that do not imminently threaten the administration of justice." Baumgartner v. Baumgartner (July 21, 1989), Lucas App. No. L-88-032, unreported, 1989 Ohio App. LEXIS 2864, at *15.
Upon review of the record, this Court finds that neither Appellant's actions during the court recess nor the tone and demeanor used by Appellant with the magistrate constitute proof beyond a reasonable doubt of direct contempt because neither action threatened the administration of justice. Therefore, the trial court erred in finding Appellant in contempt.
Appellant's first assignment of error is sustained.
 ASSIGNMENT OF ERROR II The trial court abused its discretion and erred to the prejudice of Appellant, (sic.) in imposing sanctions of a fine and two days incarceration.
 Pursuant to App.R. 12(A)(1)(c), this Court's holding on the first assignment of error renders the Appellant's second assignment of error moot and accordingly, it will not be addressed.
Appellant's first assignment of error is sustained and her second assignment of error is not considered. The judgment of the trial court is reversed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
 ____________________________ LYNN C. SLABY