OPINION
{¶ 1} Defendant-appellant Michael's Stores, Inc. (hereinafter "Michael's") appeals the decision of the Allen County Court of Common Pleas finding appellee, Donna Tucker (hereinafter "Tucker"), an employee of Michael's, eligible to participate in Ohio's Workers' Compensation Fund.
 {¶ 2} On March 12, 2000, Tucker arrived at work at the Michael's store in Lima, Ohio. When Tucker arrived, the parking lot and sidewalk in front of Michael's were covered with snow and ice. Tucker exited her car and walked toward the front entrance of the store. As she stepped up to the curb, she fell on a patch of ice. Tucker suffered a right shoulder sprain and a right rotator cuff tear as a result of the fall.
 {¶ 3} Tucker subsequently filed a claim with the Ohio Bureau of Workers' Compensation. On July 16, 2002, Tucker filed a complaint against Michael's and the Bureau of Workers' Compensation in the Allen County Court of Common Pleas alleging she was entitled to participate in the Workers' Compensation Fund. Michael's answered the complaint and filed a motion for summary judgment, which was subsequently granted on October 11, 2002.
 {¶ 4} Tucker filed an appeal from the grant of summary judgment to this court. In our decision, Tucker v. Michael'sStores, Allen App. 1-02-94, 2003-Ohio-1538, rendered March 28, 2003, we found that a genuine issue of material fact existed as to whether Michael's assumed control of the sidewalk where Tucker fell. If Michael's had control of the sidewalk, Tucker would be eligible to participate in the Workers' Compensation Fund. We, therefore, remanded the matter to the Allen County Court of Common Pleas to determine whether Michael's had control of the sidewalk at the time of Tucker's injury.
 {¶ 5} Following a bench trial, the trial court determined that Tucker had proven by a preponderance of the evidence that Michael's exercised "partial and/or joint control over the area in which the incident occurred and therefore she (Tucker) was within the zone of employment." Accordingly, the trial court found that Tucker was entitled to participate in the Workers' Compensation Fund.
 {¶ 6} It is from this decision that Michael's appeals, asserting the following assignment of error for our review.
 ASSIGNMENT OF ERROR NO. I The trial court erred in finding that Plaintiff's injury wassustained in the "zone of her employment" where theuncontroverted facts of the case are such that her slip and falloccurred on snow and ice in a common, public area of a shoppingcenter, neither owned, nor controlled by her employer. See theJuly 14, 2003 Verdict and Judgment Entry, (Appendix 2) page 2,and Trial Transcript at pp. 16, 21, 30-32 (Hereinafter"Transcript at [page(s.)]")
 {¶ 7} In reviewing the judgment of a trial court following a bench trial, the Ohio Supreme Court has determined that an appellate court should be "guided by a presumption" that the fact-finder's findings are correct. Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 79-80. "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 80; see, also, C.E. MorrisCo. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279.
 {¶ 8} In addition, the Ohio Supreme Court has stated that an appellate court "should not substitute its judgment for that of the trial court when there exists * * * competent and credible evidence supporting the findings of fact and conclusions of law rendered by the trial judge." Seasons Coal Co.,10 Ohio St.3d at 80. Thus, we will not reverse the trial court's judgment unless it is against the manifest weight of the evidence. Id.;
see, also, App. R. 12(C).
 {¶ 9} Michael's argues that the trial court erred in finding it had control of the sidewalk area where Tucker was injured. Michael's asserts that the sidewalk was indisputably a bus stop. Michael's contends the area was a "common area" maintained by the landlord of the premises and that the store neither had the obligation to maintain the area nor voluntarily assumed the responsibility. Michael's, therefore, maintains that Tucker's injury did not occur in the "zone of employment" and she should not be eligible to participate in the Workers' Compensation Fund.
 {¶ 10} The zone of employment is defined as "the place of employment and the area thereabout, including the means of ingress thereto and egress therefrom, under control of the employer." Marlow v. Goodyear Tire Rubber Co. (1967),10 Ohio St.2d 18, quoting Merz v. Indus. Comm. (1938), 134 Ohio St. 36,39. A finding that the employer exercised control over the area in which the incident occurred is a significant factor in establishing whether the employee was within the "zone of employment." Littlefield v. Pillsbury Co. (1983),6 Ohio St.3d 389; Marlowe, supra.
 {¶ 11} Evidence introduced to the trial court of Michael's control over the sidewalk where Tucker fell included Michael's practice of placing merchandise for sale on the sidewalk, employees taking breaks on a bench on the sidewalk and Michael's practice of salting the sidewalk when ice or snow would accumulate.
 {¶ 12} Paul Timmerman, store manager of Michael's at the time of Tucker's injury, testified that Michael's had an ongoing practice of placing merchandise on the sidewalk in front of the store, but that during inclement weather, the merchandise did not extend past the overhang of the store. Tucker, in contrast, testified that the sale merchandise was placed outside the front doors of Michael's and extended to the door of an adjacent merchant. She testified that merchandise was placed "all the way out to the parking lot to where the walkway ends" and was not limited to the portion of the sidewalk under the overhang of the building. Tucker testified that this was the regular practice of the store and occasionally, if inclement weather suddenly struck, employees would "scurry out" to move the merchandise under the overhang, as Michael's employees were required to monitor the merchandise in the outdoor bins as part of their duties.
 {¶ 13} Timmerman testified that it was his understanding that Michael's was only responsible for keeping the portions of the sidewalk under the overhang of the store clean of ice and snow and it was the landlord who was responsible for cleaning the sidewalk area outside the overhang. Timmerman also testified that he would ensure that the two handicap accessible entrances leading to the parking lot at the edge of the overhang at the curb line would be shoveled and swept.
 {¶ 14} Tucker testified that the sidewalk outside the store was maintained by Michael's. She stated that the first employee in to work was told to salt the sidewalk, but that the sidewalk had not been salted when she arrived at work on the day in question.
 {¶ 15} After considering the testimony of Tucker and Timmerman and studying the exhibits, which included pictures of the injury site, the trial court found that Tucker had proven by a preponderance of the evidence that Michael's "exercised partial and/or joint control over the area in which the incident occurred."
 {¶ 16} This court has consistently followed the basic principle that in cases where the trial court performs the fact finding function of a jury, the findings of fact will not be set aside when there is nothing in the record to show that the court manifestly disregarded the weight of the evidence or violated any principle of law in making its findings or arriving at its conclusions. State v. Crisp (Aug. 20, 1992), Logan App. No. 8-91-1, citing Bowlin v. Black White Cab Co. (1966),7 Ohio App.2d 133, paragraph three of the syllabus.
 {¶ 17} After a review of the record, we can not find that the trial court disregarded the weight of the evidence or violated a principle of law in performing its fact-finding function and arriving at its conclusion in this case. We do not find that the trial court erred in finding Tucker's injury was sustained in the "zone of employment" or that she was entitled to participate in the Workers' Compensation Fund.
 {¶ 18} Accordingly, appellant's assignment of error is overruled.
 {¶ 19} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
Shaw, P.J., and Bryant, J., concur.